OPINION
Appellant James Helfrich appeals the April 5, 2001 Judgment Entry of the Licking County Court of Common Pleas, which affirmed the decision of appellee Ohio Unemployment Compensation Review Commission, determining appellant to be ineligible for unemployment compensation benefits after finding appellee Metal Container Corp. ("MCC"), appellant's employer, had just cause for terminating appellant's employment.
 STATEMENT OF THE FACTS AND CASE
MCC issued a direct order to appellant in June, 1999, which prohibited him from initiating contact with the company's corporate headquarters. The order resulted from appellant's e-mailing a letter to corporate headquarters and distributing said letter company wide via e-mail in May, 1999. Appellant attempted to contact corporate headquarters via telephone the day after MCC gave him the order. MCC suspended appellant for a period of two weeks. Upon his return from work after the suspension, appellant sent a correspondence to corporate headquarters in July, 1999, which resulted in appellant's being suspended for a period of thirty days. Thereafter, appellant contacted corporate headquarters on January 4, and 6, 2000. MCC's human resources manager and plant manager both questioned appellant regarding the contacts with corporate headquarters. MCC suspended appellant on January 20, 2000, but subsequently discharged him on January 27, 2001, for insubordination.
Appellant filed an application for determination of unemployment benefit with the Ohio Bureau of Employment Services on February 2, 2000. On February 24, 2000, the Administrator of the Bureau allowed appellant's claim upon an initial finding MCC discharged appellant without just cause. MCC filed a timely appeal of this initial determination. Via Redetermination Decision mailed March 31, 2000, the Administrator reversed the original determination, finding MCC discharged appellant for just cause. Accordingly, appellant's benefits were suspended, and appellant was ordered to repay the benefits he had previously received. Appellant appealed the Administrator's decision to the Unemployment Compensation Review Commission. A hearing was conducted on May 4, 2000. The hearing officer affirmed the Redetermination Decision via Decision mailed May 10, 2000. Thereafter, appellant filed a timely appeal to the Licking County Court of Common Pleas. Via Judgment Entry filed April 5, 2001, the trial court affirmed the findings of the Unemployment Compensation Review Commission. The instant appeal followed.
We begin by noting appellant has failed to comply with App. R. 16 and Local App. R. 9.
App. R. 16(A) provides:
 The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
(1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought.
Local R. 9(A)(1) requires an appellant to submit a copy of the judgment entry from which the appeal is taken. As stated supra, appellant's brief does not satisfy the requirements of App. R. 16 and Local R. 9. Such deficiencies are tantamount to the failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss an appeal for failure to file a brief, we shall not do so here.
Attached to his brief to this Court is a copy of appellant's trial brief filed February 6, 2001, as well as a copy of his reply brief filed March 13, 2001. The thrust of appellant's argument to the trial court was the Hearing Officer's finding of just cause for his termination was against the manifest weight of the evidence. Appellant has not separately assigned error relative to the trial court's affirming the Hearing Officer's decision. Because appellant failed to separately assign this alleged error to this Court, we shall not address his argument under the authority of App. R. 12(A)(2).
App. R. 12(A)(2) provides, in pertinent part:
 (2) The court may disregard an assignment of error presented for review if the party * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A).
Appellant only raises the following as error:
 APPELLANT FEELS THE TRIAL COURT HAD PERSONAL CONFLICT IN REVIEWING APPEALS.
With respect to appellant's assigned error the trial court had a personal conflict in reviewing his appeal, we note the record is devoid of any evidence indicating appellant filed an affidavit of disqualification with the Ohio Supreme Court as required by R.C. 2701.03.[1] Having failed to file the affidavit, appellant has waived any error relative to this issue.[2]
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] R.C. 2701.03 reads:
 (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 (B) An affidavit of disqualification filed under section 2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following:
 (1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;
 (2) The jurat of a notary public or another person authorized to administer oaths or affirmations;
 (3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, or judge of a court of common pleas against whom the affidavit is filed and on all other parties or their counsel;
 (4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled.
[2] In re: Disqualification of Pepple (1989), 47 Ohio St.3d 606,607.